## CIRCUIT COURT OF CAROLINE COUNTY

Holly Hill Farm Corp.

v.

O. Perry Brooks

August 1, 1990

Case No. CL90-07

By JUDGE WILLIAM H. LEDBETTER, JR.

The plaintiff (Holly Hill), a Virginia corporation, filed a motion for judgment setting forth various tortious acts and conduct allegedly committed by the defendant (Brooks) against Holly Hill and its agents. The origin of this litigation seems to be a boundary line dispute which supposedly erupted in February 1989 into acts of trespass, harassment, and disruptions of Holly Hill's farm operations.

Brooks filed a demurrer contending *inter alia*, that portions of the motion for judgment contain claims that are personal to the individuals against whom the alleged acts were directed and therefore cannot be maintained by the corporate plaintiff.

The court heard arguments on the demurrer on July 11, 1990, after which counsel submitted memoranda.

Brooks is correct to observe that a cause of action can be maintained only by the real party in interest, and the test to determine whether one is the real party in interest is to inquire whether he is the owner of the right sought to be enforced and whether he is in a position to discharge the defendant from liability upon which the action is grounded. Similarly, Holly Hill correctly observes that an act of misfeasance can give rise to more than one injury, so that two or more persons or entities may have separate interests and may sustain separate damages.

The application of these principles to the allegations in this case must be determined by reference to the particular claims asserted.

As in any case in which the court is called upon to rule on a demurrer, the court assumes the truth of all allegations asserted in the pleading and all reasonable inferences that can be drawn from such allegations. *West Alexandria Properties, Inc. v. First Virginia Mortgage*, 221 Va. 134 (1980).

Brooks misconstrues the motion for judgment. Admittedly, the pleading is complicated, repetitious, and could have been drawn with greater specificity and clarity. Admittedly, too, the motion for judgment makes numerous references to injuries sustained by the plaintiff's employees and agents as a result of Brooks's alleged acts. Nevertheless, upon a thorough reading of the pleading as a whole, it is apparent that Holly Hill is not attempting to vindicate the rights of third parties, i.e., its agents, but is claiming that the alleged acts of Brooks, directed against Holly Hill's agents, caused damage to *Holly Hill*. It is only damages which Holly Hill itself sustained that Holly Hill will be permitted to assert and prove, and only those damages which it will be permitted to recover if proven.

A corporation, being a fictitious person, can act only through its human agents. If during the course of those actions, another party harasses the corporation's agents, interferes with their attempts to conduct the business of their corporate principal, disrupts their operations, threatens and intimidates them, etc., as alleged in the motion for judgment, it is conceivable that the corporate principal may suffer damage to its business separate and distinct from any personal injuries suffered by the agents themselves. Such damages give rise to a cause of action in favor of the corporation limited, of course, to any provable loss or injury which the corporation itself sustained. For instance, the corporate plaintiff cannot recover for the "severe emotional distress" which a particular agent may have suffered as a result of Brooks's actions, but if those actions also proximately caused economic loss to the corporation, the corporation may be entitled to recover for that loss.

Viewing the allegations and claims for relief in that light, with the limitations explained above, the demurrer will be overruled.

The court has been advised that the other grounds of the demurrer have been withdrawn by the defendant in exchange for the plaintiff's willingness to file a bill of particulars.

Mr. Canfield will please prepare and circulate a sketch order overruling the demurrer on the grounds addressed in this opinion and granting Brooks twenty-one days from the date of the order to file further responsive pleadings.